# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARISELA LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-121-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marisela Lopez pleaded guilty to knowingly and intentionally importing marijuana into the United States from Mexico, a violation of 21 U.S.C. §§ 952(a) and 960(a)(1).  After service of her original sentence, the court revoked Lopez's supervised release five times.  At her fifth revocation hearing, the court sentenced Lopez to an above-guidelines sentence of 18 months of imprisonment and stated, "I believe this sentence does address the issues of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequate deterrence and protection of the public." Lopez argues that the district court failed to provide a meaningful explanation for imposing a sentence above the advisory range of six to 12 months.

As Lopez concedes, this court should review for plain error because she failed to object in the district court to the judge's explanation of the above-range sentence. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Under plain-error review, Lopez "must show an error that is clear or obvious and affects [her] substantial rights." *Id.* The district court commits a clear or obvious error when it fails to state reasons for a sentence outside the guidelines range. *Id.* at 262. However, the district court need not engage in a "checklist recitation of the [18 U.S.C. §] 3553(a) factors." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). This court may infer a district court's reasons from the record. *Whitelaw*, 580 F.3d at 263.

In this case, Lopez failed to show that the district court committed a clear or obvious error. The record reflects that the court explicitly considered deterrence and protection of the public in imposing the above-range sentence upon revocation. § 3553(a)(2)(B), (C). Additionally, the court implicitly considered Lopez's history and characteristics. *See* § 3553(a)(1); *Whitelaw*, 580 F.3d at 263-64. Although the district court's statement in imposing the sentence was brief, the explanation was sufficient, especially when coupled with the record of Lopez's repeated supervised release violations.

Finally, Lopez suggests that this court should overrule *Whitelaw* and hold that a judge's failure to explain a sentence deprives the defendant of meaningful appellate review. However, this court may not overrule *Whitelaw* without an en banc or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). For these reasons, the judgment of the district court is AFFIRMED.